## Gross et al. *v.* Wieand, Appellant.

[Marked to be reported.]

*Equity pleading and practice—Motion for preliminary injunction—Disputed facts—Improvident entry of final decree—Church law.*

Upon motion for preliminary injunction, an answer having been filed and injunction affidavits, but no replication, and the case not being set down for hearing on bill and answer, it is premature to decide the case as on final hearing and to grant the permanent relief prayed for in the bill, where there are facts in dispute.

Plaintiffs' bill set forth that they were the lawful pastor and officers of the Salem Evangelical Church, as appointees of the East Pennsylvania Conference, and prayed for a decree that defendant be enjoined from keeping possession of the records and parsonage thereof; defendant's answer denied that the body which appointed plaintiffs was the true conference but averred that another body which appointed defendant pastor of said church was the true conference. No replication was filed, nor was the case set down for hearing on bill and answer; but plaintiff made a motion for a preliminary injunction. At the hearing of this motion the court entered a final decree ordering defendant to surrender the records and parsonage. *Held,* that this was error.

Argued March 7, 1892. Appeal, No. 63, July T., 1891, by defendant, William K. Wieand, from decree of C. P. Northampton Co., April T., 1891, No. 4, ordering him to deliver up the records and vacate the parsonage of Salem Evangelical Church at Bangor, Pa. Before STERRETT, WILLIAMS, GREEN, MITCHELL and HEYDRICK, JJ.

Bill in equity by the pastor, trustees and stewards of Salem Evangelical Church at Bangor, Pa., to compel defendant, who they alleged wrongfully claimed to be the pastor of the church, to give up to them the church records and parsonage.

The bill, filed April 7, 1891, alleged that the Salem Evangelical church was an unincorporated society, the title to its real estate being in trustees. In spiritual matters the church adhered to the doctrine of the Evangelical Association of North America and received as its pastors the appointees of that body. This association is a religious body divided into twenty-five annual conferences for the government of which the association had formulated rules, called the book of discipline, which are binding upon all members, churches and associations. Each annual conference is presided over by one of the

three bishops elected by the general conference. It was the duty of Bishop Bowman to preside over the annual conference, styled the East Pennsylvania Conference, under whose authority the said church is and was. Bishop Bowman had been suspended from his office March 7, 1890, in accordance with the rules and discipline of the said association; i. e., three elders presented to him charges against him and requested an opportunity to examine him; but he refused to submit to an examination on the ground that three elders had already examined him, but without stating upon what charges he had been examined. Such examination was collusive, to defeat and evade a real examination. After notice to the said bishop the trial conference proceeded with the trial and suspended the bishop in due form and according to the rules of the association. At the fifty-second session of the East Pa. Conference, on Feb. 26, 1891, Bishop Bowman was not allowed to preside because of his suspension, above set forth, and C. S. Haman was elected to preside in accordance with said rules; but Bishop Bowman with twenty members of the East Pa. Conference withdrew and organized a pretended conference in another church, and by this conference defendant was appointed pastor of the Salem Church and the several other churches which were thus without authority united in one preaching circuit. The Salem Church having previously been a separate congregation, one of the plaintiffs, George W. Gross, was appointed by the East Pa. Conference presided over by C. S. Haman, to take charge of the Salem Church, and has entered upon the performance of his office of pastor and is attended by all but thirty or forty members of the congregation. But defendant, as appointee of the alleged East Pa. Conference, is attempting to act as pastor, and withholds the records and the parsonage from said Gross, the lawfully appointed pastor. Said Gross has been recognized by the trustees as pastor.

A preliminary injunction was asked to restrain defendant from exercising the office of pastor and from keeping possession of the records and parsonage and other relief.

The answer denied some of the statements of the bill as to the discipline and government of the association, and stated that the general conference was the Supreme Court of law in the church, and should decide upon the legality of all acts of

annual conferences and upon all such cases as may arise between the annual conferences or between any incorporated society of the church and its officers, or any annual conference; and denied that Bishop Bowman was suspended in accordance with the rules and discipline of the association; and denied further the facts and circumstances of the trial of said bishop as stated in the bill; denied that the first trial was collusive; but, after setting forth the facts of the first trial and the decision of the elders, charged that the second trial which resulted in his suspension was wholly irregular and of no validity, setting forth at length the reasons therefor, namely, want of jurisdiction, failure to comply with rules of church in conducting trial, etc.

The answer further alleged that the East Pa. Conference presided over by C. S. Haman was not the lawful East Pa. Conference; that said Haman was ineligible to preside because of charges pending against him at the time of his election, that the appointment of Gross was irregular and in conflict with the discipline and laws of the association.

The answer further averred that the conference presided over by Haman had proceeded in a revolutionary manner, with the purpose of carrying out a scheme of schism in the denomination, and among other acts had appointed a general conference to meet in Phila., (well knowing it had been appointed to meet in Indianapolis,) so as to prevent a decision upon the respective claims of the conferences presided over by Haman and Bowman.

The answer denied that Bishop Bowman with twenty members withdrew from the East Pa. Conference and organized a pretended conference in another church, or that defendant was without authority placed in charge of said church, or that it was unlawful to unite Salem Church with other preaching places. It denied the facts stated in the bill as to the organization of the conference presided over by Bishop Bowman, and set forth the facts which it alleged to be the true facts of such organization.

Upon filing the bill, notice was given of a motion for a preliminary injunction; injunction affidavits and the answer of defendant were filed before the argument of the motion.

At the hearing of the motion, the court granted the prayer

of the bill and entered a final decree in favor of complainants, ordering defendant to surrender the records and parsonage, in an opinion in part as follows, by Schuyler, P. J.:

" The Evangelical Association has provided its own court for the trial of all such questions, to wit, a trial conference, and by the decisions of that court we are as much bound as by the decisions of any other competent tribunal: Reformed Church v. Seibert, 3 Pa. 291. . . .

" The East Pennsylvania Conference, having been authoritatively advised of the action of the trial conference, was bound to take notice of it. The trial conference had the authority to depose Bishop Bowman, and they did depose him—at least they passed sentence of suspension against him. If that sentence was valid it incapacitated the Rev. Bowman to preside, and to have permitted him to preside would have been a plain breach of duty. But by whom was the validity of the sentence to be determined? Clearly by a majority of the members present. The book of discipline provided no other tribunal. Besides, the decision of the question was a necessary step in the organization of the conference and consequently fell within its implied powers. Nor, as has been seen, have we any power to review the decision. The question, then, of the validity of Bishop Bowman's sentence having been decided against him by a competent ecclesiastical tribunal, over which we have no control in this proceeding, the question must be considered as settled. It follows that the pretended conference, organized by the seceders from the 'Ebenezer' conference was without authority in law, and that Mr. Wieand's appointment by that pretended conference to the pastorate of the Bangor Church was null and void. It also follows that Mr. Wieand has no right to the possession of the property in controversy. . . .

" The facts are not only few and simple, but they are undisputed, and there is consequently no occasion for a reference to a master. Nearly a full day was consumed in the discussion of the legal questions involved. These questions were fairly raised by the pleadings, and we were entitled to and no doubt were furnished with all the light that counsel could throw upon them. In passing upon the law I have treated the case as if it had been set down for a hearing upon the bill and answer, taking as true all the facts well pleaded in the answer."

Further facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1) entry of decree, quoting it; (2) entry of final decree awarding mandatory injunction upon argument and hearing of a motion for preliminary injunction, the cause not being then at issue or ripe for final hearing and the same not having been set down for hearing upon bill and answer or so agreed to be heard; (3) decreeing that defendant pay costs; (4) failure to dismiss the motion for preliminary injunction.

*James S. Biery*, with him *W. S. Kirkpatrick* and *Edward Harvey*, for appellants.—The law governing religious societies is laid down in Watson v. Jones, 13 Wall. 680. The decisions in ecclesiastical courts are final: Church v. Seibert, 3 Pa. 282; Winebrenner v. Colder, 43 Pa. 251; Kerr's Ap., 89 Pa. 114.

A preliminary injunction will not be granted where the equities of the bill are met and denied: 2 High, Inj. § 1574. Affidavits upon question of title cannot be admitted to contradict answer: Ibid., § 1526; Morphett v. Jones, 19 Ves. 351. A responsive answer is evidence: Story, Eq. Pl., § 849; Pusey v. Wright, 31 Pa. 387; Paul v. Carver, 24 Pa. 207. At this stage of the case the answer is conclusive: Eaton's Ap., 66 Pa. 483; Rowley's Ap., 115 Pa. 150; Priestley's Ap., 127 Pa. 432; Simpson & Bro.'s Ap., 77 Pa. 270; Russell's Ap., 34 Pa. 258; Burke's Ap., 99 Pa. 350; Horton's Ap., 13 Pa. 67; Story, Eq. Pl., § 1528. The case of Baptist Cong. v. Scannel, 3 Grant, 48, does not conflict with the other cases, as the answer there did not dispute the material averments of the bill.

No issue was made up by the pleadings: Johnson v. Kier, 3 Pitts. 204; Simpson's Ap., 77 Pa. 270; Wagner v. Poley, 4 Del. 172. A responsive answer will dissolve a preliminary injunction: McVey v. Brendal, 7 Lanc. 399; Assoc'n Ap., 2 Atl. R. 59. There being no replication filed the answer must be taken as true: Russell's Ap., 34 Pa. 258; without it no other evidence can be admitted: 1 Dan. Ch. Pl. & Pr. 829.

The bill does not show title in complainant to the pastorate; this is a fatal defect: Thompson's Ap., 126 Pa. 367; Patterson's Ap., 129 Pa. 109.

A preliminary injunction cannot be used to take property from one man and give it to another; its purpose is only to

preserve the status quo : R. R. v. Reno R. R., 53 Pa. 224 ; Audenreid v. R. R., 68 Pa. 370 ; Kutz v. Hepler, 1 Leg. Rec. 357. Even when mandatory it is only so for this purpose : Whiteman v. Gas Co., 139 Pa. 492. The decree in the court below was final, not provisional ; but even a provisional decree could not have been entered as the record stood.

*F. W. Edgar*, with him *Geo. F. Baer* and *Jefferson Snyder*, for appellee.—The right of Gross to the office of pastor does not depend solely on the legality of the conference presided over by Rev. Haman, as he is at least the appointee of the de facto president : 5 Am. & Eng. Enc. L., pp. 96–107 and cases there cited : People v. Station, 73 N. C. 546. The cases of Watson v. Jones and Church v. Seibert are not in point. This court cannot pass upon the question of the trial conferences, nothing appearing upon the record.

The object of a preliminary injunction is to prevent commission of acts which would render the final judgment ineffectual : 10 Am. & Eng. Enc. L., p. 786 ; a mandatory injunction is therefore justifiable : Bispham, Eq., § 400 ; 3 Pomeroy, Eq. Jurisp., § 1359 ; Longwood R. R. v. Baker, 27 N. J. Eq. 166 ; Goodson v. Richardson, L. R. 9 Ch. Ap. 221 ; Smith v. Smith, L. R. 20 Eq. 504 ; Bonner v. Gt. Western Ry., L. R. 24 Ch. Div. 10 ; Adams, Eq., 7th ed., p. 335 ; Earl of Oxford's Case, White & Tudor L. C. Eq., Hare & Wallace's notes, 2, pt. 2, p. 1291 ; Roberts v. Anderson, 2 Johns. Ch. 202 ; Mammoth Vein Coal Co.'s Ap., 54 Pa. 183 ; Audenreid v. R. R., 68 Pa. 370 ; Baptist Cong. v. Scannel, 3 Gr. 48, was decided on another point : Whiteman v. Gas Co., 139 Pa. 492, qualified Audenreid v. P. & R. R. R., supra ; Reynoldsville R. Co. v. Buffalo R. R. Co., 134 Pa. 541 ; Cooke v. Boynton, 135 Pa. 102. The answer is no more than an affidavit on a motion for preliminary injunction : Brightly's Digest, Injunction, Practice, p. 1362.

OPINION BY MR. JUSTICE GREEN, October 3, 1892.

The plaintiff, Rev. Gross, claimed title to his office as preacher at Bangor by virtue of an appointment made by a body claiming to be the true East Pennsylvania Conference, presided over by Rev. Haman. The defendant, Rev. Wieand, claimed title to the same office by virtue of an appointment made by a body also claiming to be the true East Pennsylva-

nia Conference, presided over by Bishop Bowman. The question which of these bodies was the true East Pennsylvania Conference, was a disputed question between the litigants in this case, and neither conceded, but each denied, the right of the other. The hearing before the learned court below was upon an application for a preliminary injunction by the plaintiff. An answer was filed denying the right of the plaintiff and the validity of his title to the office, and impugning absolutely the right and title of the body presided over by Rev. Haman, to be the true East Pennsylvania Conference, and denying and disputing many other matters of fact averred in the plaintiff's bill. No replication was filed to this answer, no issue was made up between the parties, no master or examiner was appointed to take testimony or decide the case on its merits of fact and law, no testimony was taken in support of the allegations of either party and there was nothing before the court except the bill, answer and some ex parte affidavits. The learned court below, considering that there were no disputed facts in the case, entertained the cause as upon final hearing and made a final decree upon the merits in favor of the plaintiff. At the time of the decree there was an open and undecided question pending in the courts of the Evangelical Association of North America of which the Bangor church was a member, to wit, whether the body presided over by the Rev. Haman, or the one presided over by Bishop Bowman, was the true East Pennsylvania Conference. An affidavit by Rev. Leopold is now filed stating that a general conference of the Evangelical Association of North America was held at Indianapolis on October 21, 1891, that he was chosen one of the secretaries and kept the minutes thereof, and that at said conference a resolution was adopted by which it was officially declared that the annual conference held in the year 1891 in the district of East Pennsylvania under the presidency of Bishop Bowman was the only lawful and regular annual conference of the association in that district; that the acts and doings of said annual conference and its appointments of preachers were the only regular and valid appointments for the year 1891; and that presiding elders elected at said conference were duly and lawfully elected. As this general conference of the whole church or association is alleged to be the Supreme Court of law in the church, " with

power to decide upon all cases arising between annual conferences, or between annual conferences and their officers," it would seem that the claim of the body presided over by Rev. Haman to be the true East Pennsylvania Conference has been decided adversely by its own court of last resort. If such shall prove to be the fact, upon final hearing of the case upon its merits, the decree of the court below would have to be reversed and the plaintiff's bill dismissed. Of course it was premature to decide the case as upon final hearing, and to grant the permanent relief prayed for in the bill, upon such a state of the pleadings and in such a condition of the proofs.

The decree of the court below is reversed at the cost of the appellees and the record is remitted for further proceedings.